## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20–cv-03116

| | |
|---|---|
| LARAYNE D. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DURAN OIL CO. *d/b/a* J.R.'S FUEL STOP, INC., | ) |
| | ) |
| Defendant. | ) |

---

### CIVIL COMPLAINT AND JURY DEMAND

---

The Plaintiff, LaRayne D. Graham, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP and BRUFF KENTISH, LTD., hereby submits the following Civil Complaint and Jury Demand and asserts:

### JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff LaRayne D. Graham (hereinafter referred to as "Plaintiff") was and is a resident of the State of New Mexico.

2. Upon information and belief, at all times relevant to this action, Defendant Duran Oil Co. *d/b/a* J.R.'s Fuel Stop, Inc. (hereinafter referred to as "Defendant") was and is a Colorado corporation with its principal place of business located at 3700 East Main Street, Trinidad, Colorado 81082 and its registered agent, Ray E. Duran, located at the same address.

3. This matter arises out of a trip-and-fall incident that occurred on December 30, 2017, in Raton, New Mexico at one of Defendant's places of business located at 1221 South 2nd Street (hereinafter referred to as the "Premises").

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is a civil action in which the parties are citizens of different states and/or countries.

5.      Venue is proper in the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b), as this is a district in which the defendant resides.

## FACTUAL ALLEGATIONS

6.      Upon information and belief, at all times relevant to this action, the Premises located at 1221 South 2nd Street, Raton, New Mexico, a gas station and convenience store, was owned, occupied, operated, and/or managed by Defendant.

7.      Upon information and belief, at all times relevant to this action, Defendant was responsible for maintaining and keeping the Premises safe for use by its visitors and patrons.

8.      On or about the afternoon of December 30, 2017, Plaintiff was on the Premises to purchase an item inside the convenience store.

9.      As Plaintiff was exiting the convenience store and walking back to her vehicle parked directly outside the store, she tripped on an exposed rebar sticking out from a broken concrete parking curb.

10.     Upon tripping on the exposed rebar, Plaintiff fell forward onto the ground and injured her knees, elbows, shoulders, right hand, head, and back.

11.     As a result of the above-described incident, Plaintiff suffered serious physical injuries that necessitated significant medical attention and care, including, but not limited to, gel injections to both knees, cortisone injections to her right shoulder, and arthroscopic surgeries to her right shoulder.

12.     At all times relevant to this action, Plaintiff was a visitor and lawfully permitted to be on the Premises.

13. At all times relevant to this action, Defendant had a duty to exercise ordinary and reasonable care in maintaining the conditions on the Premises.

14. At all times relevant to this action, Defendant was required to use ordinary, reasonable, and due care to ensure the safety of its visitors traversing the Premises.

15. Defendant beached the duty it owed to Plaintiff.

16. At all times relevant to this action, Defendant knew, or should have known, that visitors would be traversing around the entrance area, including the area where Plaintiff tripped.

17. At all times relevant to this action, Defendant knew, or should have known, that the Premises needed to be clear of obstacles and dangerous conditions to ensure the safety of its visitors, such as Plaintiff.

18. Defendant had actual, constructive, and implied notice of the condition of its premises, specifically, in the vicinity of the entrance to the convenience store.

19. At all times relevant to this action, Defendant had known about the exposed rebar and that it posed a dangerous risk to its visitors.

20. On December 30, 2017, Defendant failed to remove from its Premises the dangerous condition on which Plaintiff tripped and fell.

21. On December 30, 2017, Defendant failed to warn its visitors on the Premises of the dangerous condition on which Plaintiff tripped and fell.

22. Plaintiff was not comparatively negligent at the time of the incident.

23. Plaintiff did not cause her incident-related injuries.

24. Defendant's acts and/or omissions resulted in injuries and damages to Plaintiff, and gave rise to Plaintiff's cause of action.

25. Defendant's failure to maintain the Premises in a reasonably safe condition was the direct and proximate cause of Plaintiff's injuries and damages.

26. As a direct and proximate result of the aforementioned incident, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to, medical expenses, rehabilitation expenses, and other economic losses.

27. As a direct and proximate result of the aforementioned incident, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, mental anguish, shock and discomfort, and impairment of quality of life.

28. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will continue to suffer in the future, disfigurement.

### FIRST CLAIM FOR RELIEF
**Premises Liability**

29. Plaintiff incorporates herein by this reference, the allegations contained in the preceding and succeeding paragraphs, as if set forth verbatim.

30. At all times relevant to this action, Defendant owned, occupied, operated, and/or managed the Premises.

31. At all times relevant to this action, Plaintiff was a lawfully permitted visitor of the Premises.

32. At all times relevant to this action, Defendant had a duty to use ordinary and/or reasonable care to keep the Premises safe for use by visitors, such as Plaintiff, against dangerous conditions on the Premises.

33. Defendant chose not to use ordinary and/or reasonable care, breaching its duty to keep the Premises safe for Plaintiff's use.

34. At all times relevant to this action, Plaintiff walking in the front parking spaces near the entrance of the Premises' convenience store was foreseeable, as were Plaintiff's resulting injuries.

35. At all times relevant to this action, Defendant knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

36. At all times relevant to this action, Defendant had a duty to use ordinary and/or reasonable care to protect its visitors, such as Plaintiff, against dangerous conditions on the Premises.

37. Defendant failed to use ordinary and/or reasonable care to protect Plaintiff against the Premises' dangerous condition discussed above.

38. Defendant's above-referenced failure to exercise ordinary and/or reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

39. Defendant's breach of the aforementioned duties caused Plaintiff to sustain past and future injuries, damages, and losses, as described above.

40. Each of the above acts and/or omissions was singularly and/or cumulatively the direct and/or proximate cause of the incident made the basis of this suit and the resultant injuries and damages sustained by Plaintiff. Therefore, Defendant is liable on the basis of premises liability.

## SECOND CLAIM FOR RELIEF
**Negligence**

41. Plaintiff incorporates herein by this reference, the allegations contained in the preceding and succeeding paragraphs, as if set forth verbatim.

42. At all times relevant to this action, Defendant owned, occupied, operated, and/or managed the Premises.

43. At all times relevant to this action, Defendant owed its visitors, including Plaintiff, a duty to use reasonable care to maintain the Premises in a reasonably safe manner.

44. When Defendant failed to remove from its Premises the dangerous condition on which Plaintiff tripped and fell, Defendant breached the above-referenced duty.

45. Defendant also breached the above-referenced duty, without limitation, in the following ways:

    a. Failing to provide a safe site for the use of its visitors;

    b. Failing to properly monitor and inspect the Premises;

    c. Failing to address safety concerns regarding the broken concrete parking curb and exposed rebar;

    d. Failing to act as a reasonable landowner and keeping the Premises safe;

    e. Failing to protect its visitors from dangerous conditions;

    f. Failing to address hazardous objects and obstacles on the Premises, knowing that such objects and obstacles could create a trip and/or fall hazard;

    g. Failing to prevent or correct a dangerous condition on the Premises;

    h. Failing to remedy the broken concrete parking curb and exposed rebar within a reasonable time;

    i. Failing to take reasonable precautions to protect visitors from dangers and injury that were foreseeable; and

    j. Failing to provide adequate warnings regarding the dangerous condition.

46. The above-listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiff.

47. As a result of Defendant's breaches of the aforementioned duties, Plaintiff has sustained past and future injuries, damages, and losses, as described above.

### THIRD CLAIM FOR RELIEF
**Punitive Damages**

48. Plaintiff incorporates herein by this reference, the allegations contained in the preceding and succeeding paragraphs, as if set forth verbatim.

49.     Defendant's acts and/or omissions, causing the injuries of which Plaintiff complains, constituted gross negligence.

50.     Defendant's acts and/or omissions described above were reckless, malicious, willful, and/or wanton, as those terms are defined in New Mexico law, displaying a conscious, deliberate, and/or reckless disregard of, or utter indifference to, the harmful consequences, including the health and safety of its visitors, such as Plaintiff, justifying an award of punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, LaRayne Graham, prays for judgment against Defendant Duran Oil Co. *d/b/a* J.R.'s Fuel Stop, Inc., in an amount to be determined by the trier of fact for her losses, including compensatory and punitive damages as set forth above, and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other and further relief as the Court deems appropriate, just, and proper.

DATED:     October 16, 2020.

Respectfully Submitted,

*/s/ Marc Harden*
Marc Harden, Esq. #36812
Yerin Cho, Esq. #50105
ZANER HARDEN LAW, LLP
1610 Wynkoop Street, Suite 120
Denver, CO 80202
Phone:  (303) 563-5354
Facsimile:  (303) 563-5351
Emails:  mh@zanerhardenlaw.com;
yc@zanerhardenlaw.com

*/s/ Matthew Bruff*
Matthew Bruff, Esq. #33356
BRUFF KENTISH, LTD.

7887 E. Belleview Avenue, Suite 1100  
Denver, CO 80112  
Phone:  (303) 228-1600  
Facsimile:  (303) 265-9908  
Email:  matthew.bruff@bruffkentish.com  

*Plaintiff's Address*:  
1115 Lincoln Avenue  
Raton, NM 87740